Good morning, your honors. May it please the court. There's two issues on appeal in this case. First is the entry of default judgment against the defendants, who I represent, as well as the court's refusal to set aside the entry of default in this case. Regarding the position that default judgment should not have been entered in this case because it was, which was based on an order for service by publication. However, if you look at the order for service of publication, that was based upon one service attempt at an address in Somerset, Wisconsin. However, at the time that the plaintiff sought the order for service by publication, the plaintiff was aware of an address in California for the defendants. And the evidence of this is there was a complaint that the plaintiff had filed an action in Tennessee just eight months prior to filing this action, where he alleged that the defendant's home address was in California. Similarly, the corporation defendants, their corporate registration paperwork goes back to the address in California. However, when the plaintiff sought the order for publication, service by publication, there was no mention of the address in California. There had been no attempts to serve at the address in California. There was merely one attempt at service at the Somerset, Wisconsin. Now, the Wisconsin statutes governing personal service emphasize the importance of reasonable, exercising reasonable diligence in attempting personal service. There's a preference for personal service. And if personal service is not able to be accomplished under 801.11, subsection B provides that a competent family member over the age of 14 can be served. Only once those options have been exhausted should a order for service by publication be entered. The statute provides if with reasonable diligence the defendant cannot be served under paragraph A or paragraph B, which is personal service and the competent family member, then service may be made by publication. Now, the Wisconsin Supreme Court and the Court of Appeals in Wisconsin has further clarified what constitutes reasonable diligence. The Wisconsin Supreme Court has explained that a litigant must, quote, exhaust with due diligence any leads or information reasonably calculated to make personal service possible. That is West v. West 82, Wisconsin 2, 158, 166. Furthermore, the Court of Appeals in Wisconsin in Haslow v. Gauthier, 212 West 2, 580, which is a 1997 Court of Appeals case, contains a similar type of situation to this, where a litigant was trying to make personal service, was unable to do so. However, and that was, they were trying in Wisconsin, and they the litigant was aware that the person who was trying to be served was in Hawaii and had information to that effect. However, they made no efforts to attempt personal service in Hawaii. Under those circumstances, the Court of Appeals found that the litigant had not exercised reasonable diligence in trying to serve the defendant. What about the property in Wisconsin, the projects and advertising and other things? It seemed to me there was a lot of presence there, and the house in California was sort of closed up, wasn't it? Well, the house in California is his primary residence, and it's also the residence listed on the corporate registrations. And that's where Mr. Montes and his family live primarily. And it turns out they also own, in a trust, owns the property in Somerset, and they visit that occasionally, particularly they use it for, they rent it out for weddings and that type of thing. And his wife operates a catering business there to assist with weddings and parties at that rented facility. They have children? Yes. Where they go to school? That I do not know. Record doesn't reflect attendance in Wisconsin schools? I don't believe so. I mean, once again, Your Honor, we're discussing this case in a default context, so there's very little factual development whatsoever. Here, the plaintiff did not act in good faith in seeking the order for service by publication because he was aware of the California address and never acted upon it before simply reaching out to try and get a service, order for service by publication. And this conduct should not obtain a default judgment based on that such an order. Second issue, Your Honor, is the refusal to set aside the default. The standards are well established in Rule 55C, good cause for the default, quick action to correct it, and a meritorious defense to the complaint. This court has explained in numerous cases that these standards should be liberally applied in the context of setting aside a default as opposed to a default judgment in order to reach the merits of the case. Now, issues, the second and third elements are really not at issue. There was quick action to correct the default once the defendants were aware of the situation, once they were aware of the lawsuit, and there are meritorious defenses to the complaint. Many of the corporate defendants that are named have nothing to do with the Mr. Montes had tested in his affidavit. He had nothing to do with making auto-dialed phone calls himself. And thirdly, the one corporate entity at issue that had anything to do with auto-dial phone call merely owned servers that were rented out to others, mostly like municipalities when they need to send out emergency alerts. Here, the district court focused, found that there was no good cause based on one phone call between Mr. Montes and a sheriff's deputy. However, the court focused exclusively on that phone call and Mr. Montes' refusal to give his own address. However, the district court, in parsing through the facts, failed to give any benefit of the doubt regarding the substance of what occurred, failed to give the benefit of the doubt to Mr. Montes in interpreting those facts. The defendant received, here the defendant had received an unsolicited long-distance call that he thought was confusing and questioned if it was really coming from some kind of person with authority. I mean, at the time, and still, there had been no personal service of a lawsuit. He had no knowledge of a lawsuit. And it appeared that if you look at the certificate of no service filed on behalf of the officer, even the officer may have been confused because he, on the certificate of no service, he listed that he was trying to serve an amended complaint, which was not, there's no amended complaint in this case. Under these circumstances, Mr. Montes should have been given the benefit of the doubt and the court should have proceeded to the merits of the case rather than simply deciding it on a default basis. Thank you, Mr. Trost. With your permission, I'd like to reserve the rest of my time for rebuttal. Very good. Thank you. Mr. Cunningham. May it please the court, my name is Craig Cunningham. I'm the plaintiff in this case, your honors. The district court made the correct determinations on this case to respond to some of his specific points. I didn't try and serve him in California because I know the house that he has in California is a rental house. There's a website for it, oc, that's an oscarcharliebeachlease.com, listed for rent. If you want to go there, you can rent it out a week at a time. It's available. It's on vacation rental by owner. It's up for rent right now? Right now, your honor. Okay, how long has that been? At least the last two, three years. There's reviews and comments left by people who have visited the house. Great, great stay. Thanks for stopping by. And it's a whole house. It's not a room. It's not a portion of the house. The entire house is for rent. Now, your position is, Mr. Cunningham, you attempted to serve in California? Your honor, in the previous case that they mentioned, I did try and serve him in California. I sent certified mail there. It came back unclaimed. And looking at the O.C. Beach Lease House for Rent, a private investigator report saying that they talked to the neighbors. The neighbors reported that Montes lived in Wisconsin primarily. And I had his bank statements for the last year, your honor, for the year before that. Looking at the bank statements, it's an address in Wisconsin. He tells his customers, I'm on his email list. He tells his customers, Wisconsin. He tells the bank, Wisconsin. And he does own a house. And he does own a house and does conduct business and is regularly in Wisconsin. So it's not a stretch to think that Wisconsin is probably a good spot. Looking at the bank statements, your honor, I went month by month, had transactions that you have to be physically present. ATM withdrawals, check deposits, Costco, gas station, restaurants, all in and around Wisconsin. One issue I pointed out was a musical instrument rental. And Mr. Montes has an amateur photography hobby. There's pictures of his kids all over the internet at a recital playing musical instruments. This one was Eckgroth Music. It's over 2,000 miles away from California. If he, I mean, it's just not reasonable. He went all the way to, I think it was Minnesota, 2,000 miles away to rent a musical instrument. There's not a place in Colorado where you can rent musical instruments or New Mexico or Utah or anywhere in between California. And that's the first place he went was a state neighboring Wisconsin to rent musical instruments. I just don't think it's credible. And his children did go to Somerset Elementary. Got plenty of pictures unless his hobby is taking pictures of other kids in school. Those were definitely his kids in the pictures. They're in school in Wisconsin then? Yes, your honor, Somerset Elementary. And he played football in Somerset. There's pictures of his son, number 96, running around Somerset right across his chest. There's pictures of his son in the Boy Scouts in Somerset, Wisconsin. So based on all this, the bank records, the money never lies, your honor. Follow the money. That's what they said in Watergate. Follow the money. The money never lies. You have to be physically present, standing tall in front of an ATM to do withdrawal. It lists the location, the state, the ATM number, everything. And month by month for over a year, there's continuous transactions in and around the Wisconsin area. So on that basis, I concluded, A, he's probably renting the house out in California. B, he probably, everything I see, everything he's told, everything he says, says Wisconsin. That's what the money says. And to just put the final nail in the coffin, your honor, seven days after the judgment was entered by the district court, he formed a new corporation, My Ad Guys in Florida. The address listed, what he tells the state of Florida, 1731 50th Street, Somerset, Wisconsin, for his address and the corporation's address. He said it before the case. He says it after the case that he lives in Wisconsin. That's what he said. That's what's on the record. That's what he tells the state. That's what he tells his bank. That's what he tells his customers. The service by publication, though, where was that? That was in Somerset, Wisconsin, your honor. And again, based on my research, that's where I believe the most likely place to reach him would be. And he was there. That's what the district court determined. He admitted it, that he was in Wisconsin during the time of the publication. So I'm not sure there's a great argument for saying that he wasn't served. He may not have been served the way he wanted to be, but he was served via publication. At some point, he seemed to be, he was confused about the Tennessee case, thinking that's when he was dodging, I guess, whatever. Evading, your honor. That's what the district court said. He said he was evading service rather persistently. And if you get confused on which case you're evading, that's not good cause. That's not a good reason. If you try and evade a lawsuit and fail, that's no excuse. You just tried to evade the lawsuit. And default is an appropriate remedy, as the Seventh Circuit has held many times, for someone who is evading service. They don't contest that. Mr. Cunningham, did the district judge ever find that Montez was evading service? Yes, he did, your honor. June 20th. Not that I could see. Let me tell you my problem. You alleged that Cunningham was evading service. I'm sorry, that Montez was evading service. That was the basis for the finding authorizing service by publication. Montez then appears and denies that he was trying to evade service. And at that point, one might expect there would be an evidentiary hearing to find out what's the truth. I can't find one, and I can't find any findings of fact by the district judge to determine, after an adversary presentation, whether there was an attempt at evasion. Am I missing something? Yes, your honor. I think one of the key elements of this is the district court did mention that he refused to give his address. There's a Wisconsin Supreme Court case where... Look, where that was mentioned was after an ex parte presentation just by you. The question I'm hearing is, after Montez appeared to determine whether he had been evading service of process. Your honor, I believe the June 20th hearing would qualify for that. The district judge, that's where he was determining, is there a good cause in the motion to set aside? I think the answer is no. A written order is not a hearing. It was a telephone hearing, your honor, with the parties, both parties, myself and the defense. And there was no mention of... I think the other big thing is the hunt me down comment, which indicates that Montez knew he was evading service. Again, the problem is that that is a unilateral assertion by you. And normally in the judicial process, we decide things after both sides submit facts. Yes, your honor, I would just point out that the defense was there on the June 20th hearing and they made no objection to the judges' opinion that he was evading service, that Montez was evading the service. They didn't challenge the sheriff deputy's affidavit. They just accepted that, well, yeah, he did say hunt me down, and maybe he should have taken it more seriously, but he didn't. It was somebody else that said hunt me down. Yes, he did say hunt me down. He did challenge me to hunt him down, and I did. Well, to just follow up on what Judge Easterbrook was inquiring about, is it your position that's the judge just entered the judgment on the default without any commentary on the position of Mr. Montez? One more time, your honor. On that June 20th hearing? Yes, your honor. Telephonic hearing? Yes. Is it your position that Montez remained silent and didn't challenge anything? Yes, your honor. Mr. Trost was on the phone. There was no objection to the finding that Montez was evading service. The central thrust at the time was personal jurisdiction. That's what they were hanging their hat on. They weren't worried about evading service because they said, there's no personal jurisdiction. They didn't know I had his bank records for the year prior to that. Now they're coming back trying to reframe this as, well, he doesn't serve properly and so forth, but the central thrust was personal jurisdiction. That's what their primary argument was for. As far as the motion set aside, your honor, that was correctly ruled as well. Again, that's all based on the finding of evading service, and there's no contest to that, no challenge to that by the defendants in either the June 20th or the July 18th hearing. We're running out of time, your honors. Any follow-up questions? Apparently not. Thank you, Mr. Cunningham. Thank you, your honors. Mr. Trost. We've briefly addressed a couple of issues. First, there was some statements made in the California. I think he's referring to one of his Tennessee cases that he had filed. And the Tennessee court vehemently disagreed in a July 2017 order that it issued denying the appellee Mr. Cunningham's motion for alternate service by publication in that case. And the Tennessee court found that he had not made any attempts at personal service at the California address. He had sent a few pieces of certified mailings, which came back to the California address. However, there had been no attempts at personal service in California in the Tennessee case. And similarly here, there was no attempts at any kind of service in California in the Wisconsin case. And moreover, nothing with regards to the California address was ever disclosed to the Wisconsin court by Mr. Cunningham. Secondly, with regards to the issue of evading service, the defendants vehemently challenged the concept that they agreed that they were evading service. I think that is a factual issue that is really just not addressed in the whole contract. Did you ask for an evidentiary hearing? Did we ask for one? No, I don't think we did ask for one. Is that a problem? If the biggest difficulty in this case is the absence of an evidentiary hearing, and you never asked for one, it would be awfully hard to I understand, Judge Easterbrook. However, the affidavits I think submitted by Mr. Montes show and go to show what the confusing nature of the events surrounding this one conversation with the sheriff's deputy were, that he could easily have been mistaken about the entire situation. I see that my time is up. Thank you, Your Honor. Thank you to both counsel, and we'll take the case under advisement.